FILED
2018 Feb-15  PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
2/15/2018 5:04 PM
01-CV-2018-900111.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>01/09/2018 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### WILLIAM BIRDYSHAW ET AL v. REVERSE MORTGAGE SOLUTIONS, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

| EDG004 | 1/9/2018 5:04:35 PM | /s/ HARRY ARTHUR EDGE III |
|---|---|---|
|  | Date | Signature of Attorney/Party filing this form |

---

**MEDIATION REQUESTED:**      ☐ YES  ☑ NO  ☐ UNDECIDED

ELECTRONICALLY FILED
2/9/2018 5:04 PM
01-CV-2018-900111.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **WILLIAM BIRDYSHAW and** | ) | |
| **CAROL BIRDYSHAW,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: CV-** |
| | ) | |
| **REVERSE MORTGAGE** | ) | |
| **SOLUTIONS, INC., a corporation;** | ) | |
| **and Fictitious Defendants "A", "B"** | ) | |
| **and "C" thereby intending to refer** | ) | |
| **to the legal entity, person, firm or** | ) | |
| **corporation which was** | ) | |
| **responsible for or conducted the** | ) | |
| **wrongful acts alleged in the** | ) | |
| **Complaint; names of the** | ) | |
| **Fictitious parties are unknown to** | ) | |
| **the Plaintiffs at this time but** | ) | |
| **will be added by amendment** | ) | |
| **when ascertained.** | ) | |
| | ) | ***JURY TRIAL DEMANDED*** |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT

## I. PARTIES

1.     Plaintiff William Birdyshaw is a resident citizen of Jefferson County, Alabama aged nineteen (19) years or older.

2.     Plaintiff Carol Birdyshaw is a resident citizen of Jefferson County, Alabama aged nineteen (19) years or older.

3.     Plaintiffs are the owners of a home situated in Jefferson County located at 4690 Elfreth Johnson Road, Birmingham, Alabama 35215 (hereinafter referred to as the "Property").

4.      Defendant, Reverse Mortgage Solutions, Inc., (hereinafter "RMS") is a corporation with its principal place of business in Houston, Texas, which does business by agents in Jefferson County, Alabama.

5.      Defendant RMS is the mortgagee on Plaintiffs' property.

6.      Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the counterclaim; names of the Fictitious parties are unknown to the Plaintiffs at this time but will be added by amendment when ascertained. Where the term "Defendant" or "Defendants" appears in this Complaint it is to be understood such terms also encompass Fictitious Defendants.

7.      This action arises out of Defendants' wrongful foreclosure on Plaintiffs' property.

## II. JURISDICTION

8.      This Court has jurisdiction over this action as the minimum amount in controversy is present. Venue is proper in this Court pursuant to Ala. Code Section 6-3-2 (6) and/or (7) (1975) and Alabama Rule of Civil Procedure Section 82(c).

## III. STATEMENT OF FACTS

9.      Plaintiffs William Birdyshaw and Carol Birdyshaw are the owners of certain real property situated in Jefferson County, Alabama, known as 4690 Elfreth Johnson Road, Birmingham, Alabama 35215.

10.     RMS is the financial institution which holds the note and mortgage on Plaintiffs' Property.

11.     In June of 2013, Plaintiffs purchased a dishwasher from Lowes Home Centers, LLC ("Lowes"). Lowes provided Plaintiffs with an express warranty that covered the dishwasher for defects and maintenance.

12.     On or about June 8, 2015, the dishwasher at the Property failed and the Property was inundated with water which overflowed from the dishwasher, causing a great deal of damage to the Property including extensive mold and mildew.

13.     Plaintiffs promptly contacted Lowes and requested repair under the warranty. Lowes, however, refused to perform its obligations.

14.     Finally, after numerous calls and requests from Plaintiffs, Lowe's agreed to perform its obligations under the warranty, and hired an independent contractor to perform repairs on the dishwasher. The contractor hired by Lowe's arrived on or about June 26, 2015, and did nothing to remediate the dishwasher, stating on the invoice "unit has been out of service for 5 wks [sic] with waste inside. Health hazard and unserviceable".

15.     The Property was insured by The Travelers Insurance Company and after investigation and the submission of estimates, Travelers issued a check to the Plaintiffs in the amount of $17,688.34 in payment of the damages.

16.     Defendant RMS was listed as an additional payee on the check from Travelers as a result of the mortgage recorded on the Plaintiffs' property.

17.     Defendant RMS demanded that the Plaintiffs endorse the check and deliver it to RMS.

18.     On August 25, 2015, the Plaintiffs delivered the endorsed check to Defendant RMS by overnight delivery. At that time, Defendant RMS was advised that Carol Birdyshaw was a cancer patient and that it was critical that the repairs and mold remediation be commenced

3

immediately. Accordingly, the Plaintiffs requested that the funds be returned by RMS to the Plaintiffs so that the repair and remediation work at the Property could commence.

19.     On September 2, 2015, when the Plaintiffs had received no funds or communication from Defendant RMS, another letter was sent demanding that the funds be returned to the Plaintiffs so they could commence repairs to their home, and advising the RMS that further delay would be considered intentional and wrongful.

20.     When no funds were received from RMS, on September 17, 2015, another demand letter was delivered to RMS, again demanding that the funds be released to the Plaintiffs so that the repairs could be commenced.

21.     Defendants RMS failed and refused, after repeated demands, to release the Plaintiffs' insurance funds. A a result, Plaintiffs brought suit against Defendnant RMS and Lowes.

22.     In or around February of 2017, despite Plaintiffs' compliance with the terms of the note, RMS claimed the Plaintiffs were in default under the terms of the note.

23.     Misrepresentations were made to Plaintiffs regarding the character, amount, or legal status of the debt. The amount of the debt was incorrect and not supported by law, the note and the mortgage.

24.     At all material times herein, Plaintiffs complied with all the terms, conditions and covenants of the mortgage made the basis of this suit.

25.     In March of 2017, Plaintiffs were informed that RMS published notice of Plaintiffs' default in the Alabama Messenger and that their home would be foreclosed upon and sold on the courthouse steps on March 28, 2017.

26.     Upon learning of the aforementioned publication, Counsel for Plaintiffs contacted RMS's attorney by telephone to inquire as to why Plaintiffs' home was listed for foreclosure. It is

undisputed that the home was the subject of ongoing litigation and, therefore, such a foreclose would be premature at that time.

27.     On March 24, 2017, Counsel for Plaintiffs sent a letter to RMS requesting a postponement and/or cancellation of the foreclosure due to the fact that such a foreclosure was illegal and premature at that time.

28.     Regardless of said conversations and despite its illegality, RMS foreclosed on March 28, 2017.

29.     The sale was without proper notice to Plaintiffs and in direct derogation of Alabama common and statutory law.

30.     On or about April 18, 2017, RMS compounded its wrongful foreclosure by filing an ejectment action against Plaintiffs. This action was filed in the Circuit Court of Jefferson County styled CV-2017-901573.

31.     The Plaintiffs were served with the complaint for ejectment on or about April 25, 2017, and, due to the wrongful acts of the Defendants, the Plaintiffs eventually vacated. The decision by the Plaintiffs to move was further exacerbated by the persistent and illegal visitations by various agents of the Defendants.

32.     Plaintiffs contend that the foreclosure sale and subsequent ejectment were wrongful, tortious, illegal, in violation of law and the documents governing the relationship between Plaintiffs and the owners of their mortgage.

33.     On May 31, 2017, Defendants also concluded that the foreclosure of Plaintiffs' Property was in error and attempted to undo it by filing a Notice of Nullification of Foreclosure and Auctioneers Deed and Reinstatement of Note and Mortgage. Defendant's Notice was recorded on June 2, 2017. Unfortunately for all the parties involved, such a filing does not undo the

malicious and wrongful foreclosure, ejectment, and persistent wrongful actions of Defendants resulting in Plaintiffs' relocation from the Property.

34.     As a direct result of the acts complained of, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to their reputation, economic and emotional damages and claim from Defendants all damages allowable under the law.

35.     At all times relevant hereto, all parties acted within the line and scope of any agency relationship and all of their employees and agents acted with the line and scope of their employment and/or agency relationship.

## IV. CAUSES OF ACTION:

### COUNT ONE - NEGLIGENCE

36.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

37.     Defendants negligently conducted the foreclosure sale on Plaintiffs' Property and negligently ejected Plaintiffs from the home they rightfully own since the foreclosure performed is void.

38.     Defendants negligently handled, serviced, and processed payments, charges, fees, expenses, and other aspects of Plaintiffs' note and mortgage.

39.     As a direct result of the Defendants' negligence, Plaintiffs were injured and damaged as alleged above.

### COUNT TWO - WANTONNESS

40.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

41.     RMS acted with reckless indifference to the consequences, and consciously and intentionally conducted a wrongful foreclosure sale on Plaintiffs' property.

42.     RMS acted with reckless indifference to the consequences by consciously and intentionally instituting an action to eject Plaintiffs from the home they rightfully own since the foreclosure performed is void.

43.     These actions were taken with reckless indifference to the consequences.

44.     RMS knew that these actions were likely to result in injury to Plaintiffs including financial and emotional injuries and mental anguish.

45.     As a result, RMS is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages.

## COUNT THREE - UNJUST ENRICHMENT

46.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

47.     The actions of Defendants in foreclosing on Plaintiffs' Property in violation of law resulted in Defendants being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

48.     As a result of the Defendants' unjust enrichment, Plaintiffs have been injured and damaged by the illegal foreclosure and ejectment by Defendants.

## COUNT FOUR - WRONGFUL FORECLOSURE

49.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

50.     Defendants initiated a foreclosure proceeding against Plaintiffs in violation of law and Defendants wrongfully brought an action for ejectment.

51.     The foreclosure proceedings and ejectment action by Defendants was either negligent, wanton or intentional, depending on proof adduced at trial.

52.     As a result, Defendants are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages.

## COUNT FIVE - BREACH OF CONTRACT

53.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

54.     RMS breached the contract with Plaintiffs and thereby caused Plaintiffs incidental and consequential damages (including mental anguish).

55.     Plaintiffs claim all damages allowable under law.

## COUNT SIX -  NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, AND/OR TRAINING

56.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

57.     Defendants hired, supervised, and/or trained incompetent agents or employees who committed some or all of the wrongful acts set forth in this Complaint.

58.     Defendants knew or should have known of the incompetence of these agents or employees.

59.     Defendants were negligent or reckless in their hiring, supervision, and/or training which led as a direct and proximate result to the damages suffered by Plaintiffs.

60.     Plaintiffs claim all damages allowable under law.

**COUNT SEVEN -  ABUSE OF PROCESS AND/OR MALICIOUS PROSECUTION**

61.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

62.     Defendants committed abuse of process and/or malicious prosecution by initiating the foreclosure and filing the eviction action in this matter with actual knowledge that Plaintiffs were not in default of the note and mortgage.

63.     All actions of Defendants were made intentionally and/or maliciously and led to the damages of Plaintiffs as a direct proximate result.

64.     Plaintiffs claim all damages allowable under law.

**COUNT EIGHT -  FRUAD**

65.     Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

66.     Defendants violated Alabama Code §§ 6-5-101-104.

67.     Plaintiffs further allege that the representations made to them by RMS that they were in default on their mortgage were false, and Plaintiffs relied upon those representations to their detriment.

68.     As a proximate result of RMS's false representations and suppressions of fact, the Plaintiffs were (1) caused to have their home wrongfully foreclosed upon and sold, (2) sued for eviction and required to hire an attorney, and (3) suffered mental anguish and emotional distress.

WHEREFORE, Plaintiffs having set forth their claims for relief against Defendants, respectfully pray of the Court as follows:

> a.     That Plaintiffs have and recover against Defendants a sum to be determined by a jury of their peers in the form of actual damages;

b.     That Plaintiffs have and recover against Defendants a sum to be determined by a jury of their peers in the form of punitive damages;

c.     That Plaintiffs have and recover against Defendants a sum to be determined by a jury of their peers in the form of statutory damages;

d.     That Plaintiffs have reasonable attorney's fees, costs, expenses;

e.     That the foreclosure sale be set aside; and

f.     That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Dated:  January 9, 2018


s/H. Arthur Edge, III
H. Arthur Edge, III (EDG004)
Attorney for Plaintiff


**OF COUNSEL:**
H. ARTHUR EDGE, P.C.
2320 Highland Ave S., Suite 175
Birmingham, Alabama 35205
(205) 453-0322
(205) 453-0326 (fax)
E-mail: art@edgelawyers.com


/s/ Brian M. Cloud
Brian M. Cloud (CLO-010)
Attorney for Plaintiff


**OF COUNSEL:**
Cloud & Willis, LLC
201 Beacon Parkway West, Suite 400
Birmingham, Alabama 35209
(205) 322-6060
E-mail: brian@cloudwillislaw.com

10

**<u>SERVE VIA CERTIFIED MAIL</u>**
**REVERSE MORTGAGE SOLUTIONS, INC.**
**14405 WALTERS ROAD STES 110,200-500**
**HOUSTON, TX 77014**



AlaFile E-Notice

01-CV-2018-900111.00

To:   HARRY ARTHUR EDGE III
      art@edgelawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.
01-CV-2018-900111.00

The following complaint was FILED on 1/9/2018 5:04:49 PM

Notice Date:     1/9/2018 5:04:49 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-900111.00

To:  REVERSE MORTGAGE SOLUTIONS, INC.
14405 WALTERS ROAD
SUITES 110, 200-500
HOUSTON, TX, 77014

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.
01-CV-2018-900111.00

The following complaint was FILED on 1/9/2018 5:04:49 PM

Notice Date:    1/9/2018 5:04:49 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2018-900111.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.

**NOTICE TO:** REVERSE MORTGAGE SOLUTIONS, INC., 14405 WALTERS ROAD SUITES 110, 200-500, HOUSTON, TX 77014

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), HARRY ARTHUR EDGE III                                                                                                            ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2320 Highland Avenue South, Suite 175, BIRMINGHAM, AL 35205                                  .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WILLIAM BIRDYSHAW pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 1/9/2018 5:04:49 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ HARRY ARTHUR EDGE III

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                          .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*          *(Server's Signature)*               *(Address of Server)*

_____     _____

*(Server's Printed Name)*            *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.

01-CV-2018-900111.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov


TOTAL POSTAGE PAID: $6.98

Parties to be served by Certified Mail - Return Receipt Requested

REVERSE MORTGAGE SOLUTIONS, INC.                      Postage: $6.98
14405 WALTERS ROAD
SUITES 110, 200-500
HOUSTON, TX 77014


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested


Parties to be served by First Class Mail

**U.S. Postal Service™**
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7017 2400 0000 4502 8921

| | |
|---|---|
| Certified Mail Fee | |
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ _____ |
| ☐ Return Receipt (electronic) | $ _____ |
| ☐ Certified Mail Restricted Delivery | $ _____ |
| ☐ Adult Signature Required | $ _____ |
| ☐ Adult Signature Restricted Delivery | $ _____ |

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

REVERSE MORTGAGE SOLUTIONS, INC.

14405 WALTERS ROAD
SUITES 110, 200-500
HOUSTON, TX 77014

S/c

01-CV-2018-900111.00

9590 9402 3448 7275 0839 55

**2. Article Number** *(Transfer from service label)*
7017 2400 0000 4502 8921

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

REVERSE MORTGAGE SOLUTIONS, INC.

14405 WALTERS ROAD

SUITES 110, 200-500

HOUSTON, TX 77014

S/c

01-CV-2018-900111.00

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

RECEIVED

JAN 18 2018

MS WALTERS

9590 9402 3448 7275 0839 55

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

PS Form 3811, July 2015   Domestic Return Receipt

**USPS TRACKING #**



9590 9402 3448 7275 0839 55

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box•

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JAN 22 2018

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2018-900111.00

Judge: CAROLE C. SMITHERMAN

To: EDGE HARRY ARTHUR III
art@edgelawyers.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.
01-CV-2018-900111.00

The following matter was served on 1/18/2018

**D001 REVERSE MORTGAGE SOLUTIONS, INC.**

**Corresponding To**

AUTHORIZED SERVICE

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-900111.00

Judge: CAROLE C. SMITHERMAN

To:  HIATT ETHAN DANIEL
ethan@edgelawyers.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.
01-CV-2018-900111.00

The following matter was served on 1/18/2018

**D001 REVERSE MORTGAGE SOLUTIONS, INC.**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-900111.00

Judge: CAROLE C. SMITHERMAN

To:  CLOUD BRIAN MICHAEL
     bcloud@cloudwillis.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM BIRDYSHAW ET AL V. REVERSE MORTGAGE SOLUTIONS, INC.
01-CV-2018-900111.00

The following matter was served on 1/18/2018

**D001 REVERSE MORTGAGE SOLUTIONS, INC.**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov